1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10    SMITH SAESEE,                ) 1:10-cv—0814-AWI-SKO-HC
                                   )
11               Petitioner,   ) ORDER DIRECTING PETITIONER TO
                                     ) SHOW CAUSE IN WRITING WITHIN
12                                      ) TWENTY-ONE (21) DAYS WHY THE
      v.                          ) ACTION SHOULD NOT BE DISMISSED
13                                      ) FOR FAILURE TO FILE A MOTION TO
   PEOPLE OF THE STATE OF         ) AMEND THE PETITION AND TO FOLLOW
14    CALIFORNIA, et al.,            ) AN ORDER OF THE COURT (DOC. 5)
                                     )
15              Respondents.  )
                                     )
16 _____ )

17
18       Petitioner is a state prisoner proceeding pro se with a
19 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
20 The matter has been referred to the Magistrate Judge pursuant to
21 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.

22       Petitioner filed the petition on May 11, 2010.  On May 25,
23 2010, the Court issued an initial screening order with respect to
24 the petition in which the Court noted that Petitioner had not
25 named the proper respondent and granted Petitioner leave to file
26 a motion to amend the petition and name a proper respondent no
27 later than thirty (30) days after the date of service of the
28 order.  The order warned Petitioner that a failure to move to

1

amend the petition and state a proper respondent would result in a recommendation that the petition be dismissed for lack of jurisdiction.  The order was served by mail on Petitioner on May 25, 2010.

To date, over thirty (30) days have passed, but Petitioner has neither filed a motion to amend the petition nor timely sought an extension of time in which to file a motion to amend the petition.

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b), 11; Local Rule 110; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 31, 42-43 (1991).

Accordingly, it is ORDERED that:

1. No later than twenty-one (21) days after the date of service of this order, Petitioner shall show cause why this action should not be dismissed for failure to obey the Court's order of May 25, 2010; Petitioner shall show cause in writing because the Court has determined that no hearing is necessary; and

2. The failure to respond to this order will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:    July 12, 2010**              /s/ Sheila K. Oberto
                              UNITED STATES MAGISTRATE JUDGE